UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **SHALE CONSULTANTS, L.L.C.** | * | **CIVIL ACTION NO.  13-1124** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **GEORGE WILSON, III and FRAC CONSULTING, L.L.C.** | * | **MAG. JUDGE KAREN L. HAYES** |

<u>REPORT AND RECOMMENDATION</u>

    Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3), and in the alternative to transfer pursuant to 28 U.S.C. §§ 1406(a) or 1404(a).  The motion is opposed.  For reasons set forth below, it is recommended that the motion be GRANTED IN PART, and that the matter be TRANSFERRED to the United States District Court for the Eastern District of Louisiana.  28 U.S.C. § 1404(a).

<u>Background</u>

    On July 2, 2012, Shale Consulting L.L.C. ("Shale") and FRAC Consulting, L.L.C. ("FRAC"), executed a Sales Consulting Agreement (the "Agreement") to govern Shale's activities as an independent sales representative on behalf of FRAC.  (Petition, Exh. A).  The Agreement specified that Shale was to use its commercially reasonable best efforts to assist FRAC in identifying, pursuing, and securing opportunities for one of FRAC's principal customers, Quality Carriers, Inc., which specializes in transporting liquid and dry bulk.  *Id*.

    The Agreement included two forum selection provisions.  The first provision states, in pertinent part,

    The parties agree that the appropriate state or federal court in <u>Orleans Parish,</u>

> Louisiana will be the exclusive forum for the resolution of any disputes arising under this Agreement and each party consents to the personal jurisdiction of and proper venue in such courts.

(Agreement, § 14.1 (emphasis added)).

The second provision states, in relevant part,

> Notwithstanding any written provision(s) above, to the contrary, the parties stipulate and agree . . . (b) all legal rights of either party are fully reserved to seek any declaratory judgment authorized by Louisiana Code of Civil Procedure, article 1871 et seq. in any state or federal court of proper venue, including Ouachita Parish, La.

(Agreement, § 14.14 (emphasis added)).

On April 16, 2013, Shale filed the instant suit, styled "Petition for Declaratory Judgment and all Proper Relief," against George Wilson III and FRAC in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. (Petition). The suit sets forth, *inter alia*, claims for fraud (including identity theft), unjust enrichment, conversion, detrimental reliance, breach of contract, and intentional interference with contract. *Id*. In addition to declaratory relief, Shale seeks to convene a jury to award damages for inconvenience, financial loss, injury, and attorney's fees. *Id*.

On May 15, 2013, FRAC and Wilson removed the matter to federal court on the basis of diversity jurisdiction. *See* Notice of Removal. On May 30, 2013, Defendants filed the instant motion to dismiss for improper venue, and in the alternative, to transfer. After prompting by the court,[1] Defendants supplemented their motion to include a motion to transfer pursuant to 28 U.S.C. § 1404 in the event the court determined that § 1406 did not apply. (Defs. Suppl. Memo. [doc. # 14]). On June 12, 2013, Shale filed its opposition to the motion to dismiss and/or transfer, as supplemented. (Pl. Response [doc. # 17]). On June 20, 2013, Defendants filed a

---

[1] *See* May 31, 2013, Order [doc. # 9].

reply memorandum. (Reply Memo. [doc. # 21]). Thus, the matter is now before the court.

## Discussion

**I.    Section 1404(a) Governs the Instant Inquiry**

In a decision issued last year, the Fifth Circuit addressed how district courts may approach motions to transfer venue and/or dismiss for improper venue that are predicated on a forum selection clause. *In re: Atlantic Marine Constr. Co., Inc.*, 701 F.3d 736 (5th Cir. 2012) ("*Atlantic Marine*"), *cert. granted sub nom.*, *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, ___ U.S. ___, 133 S.Ct. 1748 (Apr. 01 , 2013).[2] First, the court noted that 28 U.S.C. § 1391 governs whether venue is proper in a given district. *Id*. (citation omitted). Generally, if venue is improper, then the court should apply 28 U.S.C. § 1406 or Federal Rule of Civil Procedure 12(b)(3). *Id*. Conversely, when the action has been brought in the proper venue, then 28 U.S.C. § 1404(a) applies. *Id*. Furthermore, "when a forum-selection clause designates a specific federal forum or allows the parties to select the federal courts of a different forum, a motion to transfer under § 1404(a) is the proper procedural mechanism for enforcing the clause." *Id*. However, if the "forum-selection clause designates an arbitral, foreign, or state court forum, the federal district court is without power to transfer and thus must dismiss the case as long as it determines the forum-selection clause is enforceable." *Id*.

Defendants contend that *Atlantic Marine* is limited to cases where venue initially was proper under 28 U.S.C. § 1391. Their argument follows that because this case was removed from state court, venue derives from 28 U.S.C. § 1441, not § 1391. However, Defendants read

---

[2] Although the Supreme Court granted certiorari in *Atlantic Marine*, the holding in *Atlantic Marine* remains binding, at least until the Supreme Court resolves the matter. *In re Broadcom Corp.*, 2013 WL 1736487 (Fed. Cir. Apr. 23, 2013) (unpubl.).

*Atlantic Marine* too narrowly. The *Atlantic Marine* court further stated that "a forum selection clause is properly enforced via § 1404(a) as long as venue is statutorily proper in the district where suit was originally filed . . . ." *Atlantic Marine, supra*. Here, there is no question that venue is statutorily proper in this court. 28 U.S.C. § 1441(a). Moreover, other courts have rejected variations of Defendants' argument. *See Budget Prepay Inc. v. Qwest Commc'ns Co. L.L.C.*, Civ. Action No. 09-0149, 2009 WL 1604995 (W.D. La. June 8, 2009) (Stagg, J.); *Ratcliff v. Medsouth Record Mgmt., LLC*, Civ. Action No. 08-718-C, 2009 WL 1505316 (M.D. La. May 28, 2009).

The court further finds that the instant forum selection clause satisfies *Atlantic Marine*'s additional requirement for application of § 1404(a) to this dispute, that is, the clause permits the parties to select an alternative federal forum in Orleans Parish. *See* Agreement, *supra*. Thus, there is a federal forum that this case may be transferred to. *Contrast Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir. 1996) (the forum selection clause limited venue to state court); *see also Atlantic Marine, supra* (distinguishing *Amplicon* because of the lack of an alternate *federal* forum). In sum, the motion to transfer is properly analyzed under § 1404(a). *See Atlantic Marine, supra*.

**II.    The Agreement's Declaratory Judgment Exception to the Agreement's Orleans Parish Forum Selection Provision is Inapplicable**

Federal law governs the enforceability and scope of forum selection clauses, even in diversity cases. *See Alliance Health Group, LLC v. Bridging Health Alliance Health Group, LLC v. Bridging Health Options*, LLC, 553 F.3d 397, 399 (5th Cir. 2008) (citations omitted); *Ondova Ltd. Co. v. Manila Indus., Inc.*, 513 F. Supp. 2d 762, 772 (N.D. Tex. 2007). "The language of the parties' contract also determines which causes of action are governed by the

venue-selection clause." *Uni-Pixel Displays, Inc. v. Conductive Inkjet Tech. Ltd.*, Civ. Action No. 13-0202, 2013 WL 1828843 (S.D. Tex. Apr. 30, 2013) (citing *Marinechance Shipping, Ltd.v. Sebastian,* 143 F.3d 216, 222 (5th Cir.1998)). Furthermore, "[i]f the substance of the plaintiff's claims, <u>stripped of their labels</u>, does not fall within the scope of the forum selection clause, the clause cannot apply." *Ondova Ltd. Co., supra* (citation omitted) (emphasis added).

Under federal law, the court must interpret the contract in such as way as to give effect to the parties' mutual intentions. *Hanak v. Talon Ins. Agency, Ltd.*, 470 F. Supp. 2d 695, 706 (E.D. Tex. 2006) (citations omitted). A contract also must be interpreted to give effect to all of its provisions. *Clark v. Zapata Gulf Marine Corp., Inc.*, Civ. Action No. 88-3346, 1990 WL 84561 (E.D. La. June 11, 1990) (citation omitted).

In this case, the Agreement reserves the right of a party to seek declaratory judgment authorized by Louisiana Code of Civil Procedure Article 1871, et seq., in any state or federal court of proper venue, including Ouachita Parish. (Agreement, § 14.14). The court observes that Articles 1871 through 1883 are to be liberally construed and administered. (La. Code Civ. Pro. Art. 1881). Furthermore, courts are authorized to award further relief based on a declaratory judgment whenever necessary or proper. La. Code Civ. Pro. Art. 1878. However, a declaratory judgment action is "designed to provide a means for adjudication of rights and obligations in cases involving an actual controversy that <u>has not reached the stage where either party can seek a coercive remedy</u>." *Chauvet v. City of Westwego*, 599 So. 2d 294, 296 (La. 1992) (emphasis added). Here, the instant dispute has progressed to the point where either party can seek a coercive remedy. Indeed, the instant suit seeks monetary damages.

The court is not persuaded that it was the common intent of the contracting parties for coercive claims to be included within the declaratory judgment exception to the Agreement's

5

primary forum selection provision. If so, then the declaratory judgment exception would render the "exclusive" Orleans Parish forum selection provision completely meaningless. The court cannot interpret the contract to produce such an absurd result. Instead, the declaratory judgment exception provision must be read as limited to pure declaratory judgment actions, and not suits that also seek coercive relief.

Once the instant suit is stripped of its label, it is manifest that its principal purpose is monetary and other coercive relief. *See Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994) (in the context of abstention, a suit for declaratory judgment loses its status as a declaratory judgment action when it also seeks coercive remedies).

### III. The Eastern District of Louisiana is not Clearly More Convenient than the Western District of Louisiana

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The statute is "intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh*, 487 U.S. 22, 108 S.Ct. 2239 (1988) (citation and internal quotation marks omitted).

The threshold inquiry under § 1404(a), at least historically,[3] is whether a civil action "might have been brought" in the destination venue. *In Re Volkswagen of America, Inc.*, 545 F.3d 304, 312-313 (5th Cir. 2008) (en banc). Here, the parties' consented to venue in the Eastern

---

[3] The Federal Courts Jurisdiction and Venue Clarification Act of 2011 expanded § 1404(a) to permit the parties to transfer the action to any district where they consented (in addition to any district where the action might have been brought).

District of Louisiana.[4]  Thus, the issue is whether movants may establish "good cause" for the transfer. *Volkswagen II, supra* (citation omitted).  To establish "good cause," the moving party must demonstrate that the transferee venue is "clearly more convenient" than the venue initially selected by the plaintiff.  *Id*.  In other words, the plaintiff's choice of forum should not be disturbed unless the transferee forum is "clearly more convenient."  *Id*.[5]

To make this determination, the court considers a number of "not necessarily exhaustive or exclusive" private and public interest factors.  *Volkswagen II*, 545 F.3d at 315.  The private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id*. (citations omitted).  The public interest factors are:  "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*.

When, as here, the parties agreed to a forum selection clause that putatively encompasses the dispute at issue, the agreement represents a "significant factor that figures centrally in the

---

[4] No one disputes that Defendant, Wilson, also is bound by the Agreement's forum selection clause.  He is a signatory to the Agreement.  Furthermore, Plaintiff alleges that Wilson is the alter ego of FRAC, and that they are a single business enterprise.  (Petition, § 47).

[5] In *Atlantic Marine*, the Fifth Circuit held that "in the context of a § 1404(a) motion, the district court may place the burden on the movant to demonstrate that the contractually-chosen forum is clearly more convenient than the plaintiff's chosen forum." *In re Broadcom Corp., supra* (citation omitted).

district court's calculus." *Stewart Org., Inc., supra*. Nonetheless, the presence of a forum selection clause does not preempt the court's flexible and individualized analysis under § 1404(a); rather, it becomes a component of the court's consideration of the private and public convenience and fairness considerations. *Id*. Indeed, the district court can accord neither controlling authority to a forum selection clause, nor decline to assign any credit to it at all pursuant to an inconsistent state policy. *Id*.

With these precepts established, the court will address the relevant considerations, seriatim.

    **a)**     **Private Interest Factors**

        1)     <u>Relative Ease of Access to Sources of Proof</u>

Neither side adduced evidence as to this factor. Defendants suggest that because evidence is scattered around the country, the court should credit the parties' determination that the Eastern District of Louisiana is more convenient. Defendants overlook, however, that the parties also agreed that they could initiate a declaratory judgment action in any other forum.[6] Furthermore, there is no evidence that sources of proof in a coercive action such as this one are any more geographically dispersed than in a declaratory judgment action. Accordingly, this factor neither favors, nor counsels against transfer.

        2)     <u>Availability of Compulsory Process to Secure the Attendance of Witnesses</u>

Neither side addressed this factor. However, if, as Defendants allege, the non-party witnesses are geographically diverse, then it is unlikely that compulsory process is available

---

[6] Arguably, it would have to be another forum in Louisiana because Louisiana Code of Civil Procedure Article 1871 does not authorize suit outside of this state.

either in this forum or in the proposed transferee forum. Thus, this factor is neutral. *In re Radmax, Ltd.*, ___ F.3d ___, 2013 WL 3018520 (5th Cir. June 18, 2013).

       3)      <u>Cost of Attendance for Willing Witnesses</u>

Defendants argue that it will be less expensive, less time-consuming, and more convenient for various unnamed, geographically dispersed prospective witnesses to attend trial in New Orleans, rather than Monroe. Indeed, because these witnesses likely reside outside the subpoena power of both courts, they perhaps will be more willing to travel to New Orleans. Certainly dining, hotel, and entertainment options are more plentiful and diverse in the larger city. Moreover, the court takes judicial notice that there are more direct flight options available to New Orleans than to Monroe. However, because Defendants did not adduce evidence regarding the residences of prospective witnesses and their comparative travel costs, the measure of convenience offered by the New Orleans forum is speculative. Thus, the court is constrained to conclude that this factor only slightly favors transfer.

       4)      <u>All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive</u>

In *Stewart Organization, Inc.*, the Supreme Court explained that a forum selection clause potentially impacts the convenience of the putative transferee forum given the parties' expressed preference for that venue. *Stewart Organization, Inc., supra*. On the other hand, considerations of fairness may undermine the effect of the clause if the parties' respective bargaining power was disproportionate. *Id*. Here, there is no evidence that either side was unsophisticated or unrepresented in the negotiations that produced the Agreement. Indeed, Plaintiff's counsel stated that he insisted on the declaratory judgment exception to the Orleans Parish forum selection clause.

Defendants contend that the parties selected Orleans Parish as a convenient forum to gather witnesses and evidence in the event of coercive litigation between the parties. However, the parties also carved out an exception for declaratory judgment actions. Nonetheless, declaratory judgment actions often do not entail the full panoply of issues inherent to coercive litigation. In other words, there is plausible support for the Agreement's differing treatment of suits for coercive relief versus declaratory judgment actions. Given the parties' selection of Orleans Parish as a the appropriate forum for resolution of the instant dispute, the court finds that this consideration significantly favors transfer.

**b)     Public Interest Factors**

1)     <u>Administrative Difficulties Flowing from Court Congestion</u>

There is no evidence that this factor is a consideration in this case. Thus, it remains neutral.

2)     <u>Local Interest in Having Localized Interests Decided at Home</u>

This factor seeks to uphold the ideal that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *See Volkswagen, I, supra* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S.Ct. 839 (1947)). There is no evidence that the Eastern District of Louisiana has any relation to the instant dispute, aside from the fact that the parties designated it as their preferred forum.[7] In contrast, this community maintains an interest in the matter because Plaintiff's sole member is domiciled here. Accordingly, this factor counsels against transfer.

3 & 4)     <u>Familiarity of the Forum with the Law That Will Govern the Case; and the</u>

---

[7] Albeit, at the time the Agreement was signed, it appears that George Wilson had a presence in the Eastern District of Louisiana. *See* Agreement, § 14.3.

10

Avoidance of Unnecessary Problems of Conflict of Laws [Or In] the
Application of Foreign Law

Both the Eastern and the Western Districts are equally capable of applying relevant law. Furthermore, maintenance of the suit in either forum will not resolve or create any problems with conflicts of law or in the application of foreign law. Thus, these factors remain neutral.

## CONCLUSION

Upon consideration of the relevant factors, the court finds that two factors favor transfer to the Eastern District of Louisiana, whereas one factor favors retention. Obviously, the court is not permitted to simply count the factors and decide the propriety of transfer on the basis of the resulting score. *In re Radmax, Ltd., supra*. Here, the parties' agreement that the instant dispute should be litigated in Orleans Parish is a paramount consideration that weighs heavily in favor of transfer. As the Fifth Circuit remarked, "by incorporating the forum-selection clause into the private and public factor analysis, it will be difficult for a party to avoid the contractually-chosen forum." *In re Atl. Marine Const. Co., Inc., supra*. The sole consideration that support retaining this matter in this forum does not suffice to undermine the parties' selection of the Eastern District of Louisiana as the most convenient and appropriate forum to resolve the instant suit for coercive relief.

In sum, the court finds that the Eastern District of Louisiana is "clearly more convenient," than the instant forum. Accordingly, good cause supports transfer. 28 U.S.C. § 1404(a).

For the foregoing reasons,

IT IS RECOMMENDED that the motion to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3), and in the alternative to transfer pursuant to 28 U.S.C. §§ 1406(a) or 1404(a) [doc. # 7] be GRANTED IN PART, and that this matter be TRANSFERRED to the

United States District Court for the Eastern District of Louisiana. 28 U.S.C. § 1404(a).

IT IS FURTHER RECOMMENDED that the motion [doc. # 7] otherwise be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 24th day of July 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE